Joseph JENNINGS, Plaintiff,

v.

Willard J. SMITH, Commandant, United States Coast Guard, Defendant.

No. 67 Civ. 427.

United States District Court
S. D. New York.

Sept. 18, 1967.

Zwerling & Zwerling, New York City, for plaintiff; Sidney Zwerling, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for S. D. N. Y., Louis E. Greco, Attorney in Charge, Admiralty & Shipping Section, Dept. of Justice, for defendant; Peter Martin Klein, New York City, of counsel.

MEMORANDUM

HERLANDS, District Judge:

This is an action in the nature of mandamus whereby plaintiff seeks to have this Court compel defendant to allow plaintiff to file an appeal. The issue now before the Court is posed by defendant's motion for summary judgment and plaintiff's oral cross-motion for summary judgment.

The question for decision is a narrow one. After a hearing before a Coast Guard Examiner, plaintiff was found guilty of misconduct under Title 46, U.S.C.A., Section 239, in that on or about November 30, 1965, while serving on board a vessel, he wrongfully cut a fellow crew member with a knife. The Hearing Examiner's decision and order revoking plaintiff's Merchant Mariner's Document was issued on July 18, 1966 (Exhibit 2). The merits of the Hearing Examiner's decision and order of revocation are not challenged on the motions now before the Court.

Service of the Hearing Examiner's decision and order was effected by certified mail on July 19, 1966 on plaintiff's attorney, pursuant to plaintiff's authorization of his attorney to receive such service (Exhibit 1). The order of the Examiner became effective when delivered to plaintiff's authorized representative (46 C.F.R. 137.20–175).

On August 5, 1966, plaintiff's attorney notified him of the order by telephone. However, on August 6, 1966, plaintiff sailed on a foreign voyage; and did not return to the continental United States until September 28, 1966.

Under Title 46, U.S.C.A., Section 239 (g) and 46 C.F.R. 137.30–1, plaintiff had thirty days "after the date of the order of the Examiner is effective" in which to file a notice of appeal with the District Commander of the district in which the hearing was held.

On October 25, 1966, plaintiff's attorney mailed to the defendant a covering letter, a notice of appeal and a request for appeal, signed by plaintiff (Exhibit

3). The plaintiff's attorney's letter stated that, upon leaving the vessel, plaintiff had bussed from San Francisco to his home in Baltimore where, for several weeks, he had been caring for his ill wife and receiving out-patient treatment at the United States Public Health Service Hospital. No affidavits or evidence in support of these bare allegations were submitted to the Commandant at any time. Plaintiff's attorney's explanation for this is that "he was never requested to submit any affidavits or evidence in support of plaintiff's appeal" (Affidavit of plaintiff's attorney, sworn to August 10, 1967, p. 2).

On January 19, 1967, plaintiff's attorney was notified that the appeal would not be accepted as it was too late (Exhibit 5). It is this order of January 19, 1967 that plaintiff now attacks as "erroneous, arbitrary and capricious" (Complaint Paragraph Eighth).

A careful reading of the entire record fails to disclose any basis for the attack upon the administrative ruling of January 19, 1967. The applicable statute and regulation clearly fix a thirty day deadline. The record submitted to the Court is replete with evidence that it is the long standing, recognized administrative practice of the United States Coast Guard to adhere to the thirty day provision except where there are extraordinary or extenuating circumstances. Plaintiff's attorney, who is an experienced specialist in this type of litigation, failed to adduce any probative evidence that would justify, under the circumstances, the defendant's acceptance of the late appeal. The refusal to accept the late appeal was not arbitrary or capricious.

The defendant's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied. So ordered.